IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRYON WALSTON,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC., DAN DAVIDSON, AND CATHERINE WILSON,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br><br><br>Case No. 2:07-CV-525 TS |

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment. Plaintiff moves for summary judgment on his claims that Defendant Wilson violated the Wire and Electronic Communications Interception and Interception of Oral Communications Act[1] and invaded his privacy.[2] Defendant Wilson has not responded to the Motion and the time for doing so has passed. As a result, this matter is now ripe for decision. For the reasons set forth below, the Court will grant the Motion.

---

[1] 18 U.S.C. §§ 2510-2522.

[2] Plaintiff's claims against Defendants United Parcel Service, Inc. and Dan Davidson have been dismissed as a result of a stipulated motion. Docket No. 19.

1

## I.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[3]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[4]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[5]

> If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law.  If it has not, summary judgment is not appropriate, for "[n]o defense to an insufficient showing is required."[6]

## II.  BACKGROUND

Plaintiff was a driver for United Parcel Service, Inc. ("UPS") in Moab, Utah.  Defendant Wilson is a clerk, air driver, and utility driver for UPS in Moab, Utah.  Defendant Wilson had various disputes with some of the UPS drivers.

Defendant Wilson placed an electronic tape recorder in a heater vent in the loading building—referred to as the "dog house"—where the "feeder truck" was unloaded by Plaintiff

---

[3] *See* Fed. R. Civ. P. 56(c).

[4] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[5] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

[6] *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970)).

and other drivers and the unloaded packages were distributed to the local drivers.  Defendant Wilson left the recorder running and left the building, standing at a location approximately 40 feet away.  Defendant Wilson recorded the drivers on more than one occasion.  Defendant Wilson was not a party to at least some of the conversations she recorded.

None of the parties to the recorded conversations were aware that they were being recorded.  Plaintiff has submitted a Declaration which states that the conversations would have been different, or even stopped, if Plaintiff had been present.  Further, the door to the building in which the conversations took place, which faces the direction where Defendant Wilson waited as the recordings were made, was shut during the conversations.  The distance between where Defendant Wilson waited and where the conversations took place was approximately 40 feet.

### III.  DISCUSSION

Plaintiff brings two claims against Defendant Wilson.  First, that she violated the Wire and Electronic Communications Interception and Interception of Oral Communications Act (the "Wiretap Act").  And second that she invaded his privacy.  The Court will consider each claim separately.

A.   THE WIRETAP ACT

The Wiretap Act provides that:

> [A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.[7]

---

[7] 18 U.S.C. § 2520(a).

A person violates the Wiretap Act if the person "intentionally intercepts, endeavors to intercept, or procures any other person to intercept, any wire, oral, or electronic communication."[8] Oral communication is defined as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation . . . ."[9] Intercept "means the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device."[10]

In order to prevail on his Wiretap Act claim, Plaintiff must show that: (1) his oral communications were intercepted by Defendant Wilson through the use of an electronic, mechanical, or other device; (2) Plaintiff had an expectation that his communication was not subject to interception; and (3) the expectation was justified.

Here, there is no question that Plaintiff's oral communications were intercepted by Defendant Wilson through the use of a tape recorder. Defendant Wilson admitted in her deposition, and by failing to respond to Plaintiff's Requests for Admission, that she electronically recorded Plaintiff's conversations.[11] Plaintiff also had an expectation that his communications were not subject to interception. Plaintiff's Declaration states that he and the

---

[8]*Id*. § 2511(1)(a).

[9]*Id*. § 2510(2).

[10]*Id*. § 2510(4).

[11]By failing to respond to Plaintiff's Request for Admission, Defendant has admitted those items and they are deemed conclusively established. Fed.R.Civ.P. 36(a)(3), (b). Defendant Wilson has specifically admitted, among other things, that she recorded the conversations of Plaintiff and others, that she did so on more than one occasion, and that none of the parties to the recorded conversations were aware they were being recorded. Docket No. 21, Ex. 1, at 3.

Case 2:07-cv-00525-TS   Document 22   Filed 12/10/08   Page 5 of 7

others did not know that they were being recorded and that the conversations would have been different or would have stopped if Defendant Wilson had been present.[12] Plaintiff's expectation was justified under the circumstances, especially considering the fact that the door to the building where the conversations took place was closed and Defendant Wilson was approximately 40 feet away. Therefore, Plaintiff will be granted summary judgment on his Wiretap Act claim.

B.      INVASION OF PRIVACY

The Utah Court of Appeals has recognized a cause of action for invasion of privacy based on intrusion upon seclusion.[13] In order to prevail on a claim of intrusion on seclusion, Plaintiff must prove two elements by a preponderance of the evidence: (1) that there was an intentional substantial intrusion, physically or otherwise, upon the solitude or seclusion of the complaining party; and (2) the intrusion would be highly offensive to the reasonable person.[14]

With respect to the first element, the intrusion may take two forms.[15] One form consists of intrusion upon a person's physical solitude or seclusion.[16] The second form, the one at issue here, has been "extended to eavesdropping upon private conversations by means of wiretapping

---

[12]Defendant Wilson also admitted, by failing to respond to Plaintiff's Request for Admission, that none of the parties to the recorded conversations were aware they were being recorded. Fed.R.Civ.P. 36(a)(3), (b).

[13]*Stien v. Marriott Ownership Resorts, Inc.*, 944 P.2d 374, 378 (Utah Ct. App. 1997) (citing *Turner v. Gen. Adjustment Bureau, Inc.*, 832 P.2d 62 (Utah Ct. App.), *cert. denied*, 843 P.2d 1042 (Utah 1992)).

[14]*Id.*

[15]*Id.*

[16]*Id.*

and microphones . . . ."[17]  As for the second element, Plaintiff "must show that the intrusion would be highly offensive to a reasonable person."[18]  In making this determination, the Court considers such factors as the degree of the intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded.[19]

Here, Plaintiff has shown that there was an intentional substantial intrusion upon the solitude or seclusion of the complaining party.  Plaintiff has shown, and Defendant has admitted, that Defendant eavesdropped on and recorded the private conversations between Plaintiff and others.  The Court finds this intrusion would be highly offensive to the reasonable person.  Defendant secretly tape recorded conversations between Plaintiff and others by hiding a tape recorder in a heating vent in an area where Plaintiff worked.  Plaintiff has indicated that he and the others did not know that their conversations were being recorded and that the conversations would have been different or would have stopped if Defendant Wilson had been present.  Further, as set forth above, Plaintiff had a reasonable expectation of privacy that these conversations would not be intercepted.  Based on these considerations, the Court finds that Plaintiff is entitled to judgment on his invasion of privacy claim.

---

[17]*Id*.  *See also* 62A Am. Jur. 2d Privacy § 46 (stating that "the tort of intrusion on a person's solitude or seclusion . . . extends to eavesdropping on private conversations").

[18]*Stien*, 944 P.2d at 379.

[19]*Id*.

## IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Partial Summary Judgment (Docket No. 20) is GRANTED.  The Court will set this matter for an evidentiary hearing on damages.

DATED   December 10, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge