IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRYON WALSTON,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC., DAN DAVIDSON, AND CATHERINE WILSON,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON DAMAGES<br><br><br><br>Case No. 2:07-CV-525 TS |

On December 10, 2008, the Court granted Plaintiff's Motion for Partial Summary Judgment, finding that Defendant Catherine Wilson violated the Wire and Electronic Communications Interception and Interception of Oral Communications Act (the "Wiretap Act")[1] and invaded Plaintiff's privacy. The Court held an evidentiary hearing on February 9, 2009, to determine the appropriate measure of damages, if any, to which Plaintiff is entitled.

I.  DISCUSSION

A.    WIRETAP ACT

As noted, the Court has found that Defendant Wilson violated the Wiretap Act. That Act provides "any person whose wire, oral, or electronic communication is intercepted, disclosed, or

---

[1] 18 U.S.C. §§ 2510-2522.

1

intentionally used in violation of this chapter *may* in a civil action recover from the person or entity . . . which engaged in that violation such relief as may be appropriate."[2] That relief may include: preliminary and other equitable or declaratory relief; damages and punitive damages in appropriate cases; and reasonable attorney's fees and other litigation costs reasonably incurred.[3] In computing the appropriate measure of damages, the Court may choose between actual damages or statutory damages, whichever is greater.[4] Actual damages are "the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation."[5] Statutory damages "is the greater of $100 a day for each day of violation or $10,000."[6]

    The Sixth Circuit Court of Appeals has provided a helpful framework in deciding what damages, if any, should be awarded under the Wiretap Act.[7] First, the court should determine the amount of actual damages to the plaintiff plus the profits derived by the violator, if any.[8] Second, the court should ascertain the number of days that the statute was violated, and multiply by $100.[9] Third, the court should tentatively award the plaintiff the greater of the above two

---

[2] 18 U.S.C. § 2520(a) (emphasis added).

[3] *Id*. § 2520(b).

[4] *Id*. § 2520(c)(2).

[5] *Id*. § 2520(c)(2)(A).

[6] *Id*. § 2520(c)(2)(B).

[7] *Dorris v. Absher*, 179 F.3d 420 (6th Cir. 1999).

[8] *Id*. at 430.

[9] *Id*.

amounts unless each is less than $10,000, in which case $10,000 is to be the presumed award.[10] Finally, the court should exercise its discretion to determine whether the plaintiff should receive any damages at all.[11]

Applying the above framework to this case, the Court makes the following findings. First, there are no actual damages to Plaintiff and Defendant has not derived any profits. Second, the parties agree that there were nine days the statute was violated, resulting in $900 of per diem damages. Because there were no actual damages and only $900 in per diem damages, and because of these figures are less than $10,000, the proper damages amount to tentatively award is $10,000.

Finally, the Court must determine whether a damage award is appropriate here. Plaintiff argues that the Court does not have the discretion to award no damages at all. In support of this argument, Plaintiff points to *Rodgers v. Wood*,[12] where the Seventh Circuit Court of Appeals held that courts lacked the authority under the statute to award no damages.[13] Since that time, the Fourth, Sixth, Eighth, and Eleventh Circuits have all rejected the Seventh Circuits analysis in *Rodgers*.[14] The Court agrees with the reasoning of these courts and finds that the award of damages under Section 2520(c)(2) is discretionary.

---

[10]*Id*.

[11]*Id*.

[12]910 F.2d 444 (7th Cir. 1990).

[13]*Id*. at 448.

[14]*See Nalley v. Nalley*, 53 F.3d 649, 652 (4th Cir. 1995); *Reynolds v. Spears*, 93 F.3d 428, 434 (8th Cir. 1996); *Dorris*, 179 F.3d at 429; *DIRECTV, Inc. v. Brown*, 371 F.3d 814, (11th Cir. 2004).

Courts consider a number of factors in determining whether to award damages for a violation of the Wiretap Act. These factors include: (1) the duration of the interception or the extent of the disclosure; (2) the reason for the interception; (3) whether the defendant reasonably believed that his actions were legal; (4) whether the interceptions resulted in actual damages to the plaintiff; (5) whether the defendant profited from the interception; and (6) whether the defendant has already been punished in some other proceeding.[15]

Considering these factors, the Court finds that an award of damages is not appropriate here. First, the duration of the interception was limited as was the disclosure, if any. The parties have agreed that only nine recordings were made. Additionally, there is no evidence of widespread distribution of these recordings. While Plaintiff believes that these recordings were shared with his supervisor, there is little evidence to support this conclusion.

Second, Defendant has proffered that she had at least some justification for making the recordings. Defendant proffered that she made the recordings out of fear for what her co-workers were saying about her. While this in no way excuses Defendant's actions, it does explain them.

Third, Defendant has proffered evidence that she believed that her actions were legal. While Plaintiff argues that Defendant had been instructed not to make these recordings and was told that it was illegal to do so, this evidence is disputed.[16]

Fourth, as noted above, Plaintiff has suffered no actual damages.

Fifth, Defendant has earned no profits from the recordings.

---

[15] *Goodspeed v. Harman*, 39 F.Supp. 2d 787, 791 (N.D. Tex. 1999).

[16] *Compare* Docket No. 21, Ex. 5 *with* Docket No. 21, Ex. 3, at 43-55.

Finally, the Court finds that Defendant has been, and will be, punished as a result of her actions. As will be discussed below, the Court will impose damages on Defendant for her invasion of Plaintiff's privacy. Further, the Court will order Defendant to pay Plaintiff's attorney's fees. The Court believes that this punishment satisfies the intent of the statute and that a further monetary penalty is unwarranted.

Despite the Court's finding that liquidated damages are inappropriate, the Court finds that Plaintiff is entitled to an award of reasonable attorney's fees under the Act.[17] Plaintiff has presented documentation supporting an award of $16,095 in attorney's fees and Defendant does not contest either the hourly rate used or the number of hours employed. Therefore, the Court finds that this is an appropriate amount.

The Court finds, based on the evidence presented at the hearing, that neither punitive damages, nor equitable or declaratory relief is appropriate in this case. Therefore, the Court will not order any such relief.

B.     INVASION OF PRIVACY

Plaintiff also seeks damages on his invasion of privacy claim. The Restatement (Second) of Torts states:

> One who has established a cause of action for invasion of his privacy is entitled to recover damages for
> (a) the harm to his interest in privacy resulting from the invasion;
> (b) his mental distress proved to have been suffered if it is of a kind that normally results from such an invasion; and
> (c) special damage of which the invasion is a legal cause.[18]

---

[17] 18 U.S.C. § 2520(b).

[18] 28A Restatement (Second) of Torts § 652H.

Comment *a*. to the Restatement states that "[a] cause of action for invasion of privacy, in any of its four forms, entitles the plaintiff to recover damages for the harm to the particular element of his privacy that is invaded. Thus one who suffers an intrusion upon his solitude or seclusion . . . may recover damages for the deprivation of his seclusion."[19] Plaintiff "may also recover damages for emotional distress or personal humiliation that he proves to have been actually suffered by him, if it is of a kind that normally results from such an invasion and it is normal and reasonable in its extent."[20] Further, Plaintiff "may also recover for any special damage that he can prove, of which the invasion of privacy has been the legal cause."[21] Comments *b*. and *d*. also state that an action for invasion of privacy closely resembles that for defamation.

Plaintiff presented evidence that he has suffered damages in relation to Defendant's invasion of his privacy. Plaintiff related that, because of this incident, he suffered from paranoia and anxiety. That paranoia resulted in Plaintiff becoming distrustful of his co-workers. Plaintiff's anxiety manifest itself in the form of lack of sleep and a loss of appetite. As a result, Plaintiff became irritable and his relationship between Plaintiff and his family and his co-workers became strained.

The Court finds that, because of Defendant's invasion of his privacy, Plaintiff has suffered damages. The Court finds that $3,000 is an appropriate award for those damages and will award Plaintiff that amount.

---

[19] *Id*. Comment *a*.

[20] *Id*. Comment *b*.

[21] *Id*. Comment *d*.

## II.  CONCLUSION

It is therefore

ORDERED that the Clerk of the Court enter judgment on behalf of Plaintiff and against Defendant Wilson on all claims.  Plaintiff is awarded $3,000 in damages and $16,095 in attorney's fees.  The Clerk of the Court is directed to close this case forthwith.

DATED   February 11, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge